1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   INFINITY,

11          Plaintiff,                           No. CIV 11-2804 EFB P

12          vs.

13   JO ELLEN FELICE, ASSOCIATE
     COMMISSIONER FOR INCOME
14   SECURITY PROGRAMS,
     SOCIAL SECURITY ADMINISTRATION,
15
            Defendant.                           <u>ORDER</u>
16   _____/

17          Plaintiff, an inmate confined at Pleasant Valley State Prison, filed this pro se action under

18   42 U.S.C. § 1983.  On February 24, 2012, the undersigned granted plaintiff's request to proceed

19   in forma pauperis and found that, for the limited purposes of § 1915A screening, plaintiff's

20   complaint stated a cognizable claim against defendant pursuant to 28 U.S.C. §§ 1361 and/or

21   2201.  Dckt. No. 7 at 1, 2.  The order noted that plaintiff's complaint challenges the alleged

22   failure by defendant to issue him a Social Security card after he legally changed his name, that

23   plaintiff seeks a declaration of his rights and the duty owed to him by defendant, and that

24   plaintiff does not seek monetary damages.  *Id.* at 2.  Therefore, the order directed the Clerk of the

25   Court to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4 and to send

26   plaintiff the documents necessary for service of process; directed plaintiff to supply the United

1

States Marshal with all information needed to effect service of process and to file a statement with the court that said documents had been submitted; and directed the Marshal to serve process within 90 days of receipt of the required information from plaintiff, without prepayment of costs. *Id.* at 3-4.

On March 12, 2012, plaintiff filed a statement indicating that he submitted the necessary service documents to the Marshal. Dckt. No. 12. However, also on March 12, 2012, plaintiff filed a declaration in support of his complaint. Dckt. No. 13. That declaration contains numerous allegations that are not contained within plaintiff's complaint and that are outside the scope of the service order issued on February 24, 2012, and many of the allegations are completely unrelated to the allegations in the complaint. Nor does the declaration appear to be a purported amended complaint. Therefore, that declaration, Dckt. No. 13, is stricken.

DATED: March 14, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE