IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

INFINITY,

        Plaintiff,                                   No. CIV 11-2804 EFB

        vs.

JO ELLEN FELICE, ASSOCIATE
COMMISSIONER FOR INCOME
SECURITY PROGRAMS,
SOCIAL SECURITY ADMINISTRATION,

        Defendant.                               <u>ORDER</u>

/

        This action is before the undersigned pursuant to the consent of the parties. *See* 28 U.S.C. § 636(c); E.D. Cal. L.R. 305. On May 4, 2012, plaintiff filed a motion to amend his complaint/petition.[1] Dckt. No. 22. However, Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after

---

[1] Also on May 4, 2012, plaintiff filed a document indicating that he was willing to stipulate to a thirty day extension of time for defendant to respond to his complaint. Dckt. No. 21 at 1, 5. Then, on May 7, 2012, defendant filed a stipulation for a thirty day extension of defendant's time to respond to the complaint. Local Rule 144(a) provides that "an initial stipulation extending time for no more than twenty-eight (28) days to respond to a complaint . . . may be filed without approval of the Court if the stipulation is signed on behalf of all parties who have appeared in the action and are affected by the stipulation" but that "[a]ll other extensions of time must be approved by the Court." Although the stipulation would require court approval since it extended defendant's time to respond by thirty days, in light of plaintiff's amended complaint, the stipulation is now moot.

1

serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, because plaintiff's complaint is one to which a responsive pleading is required, and neither a responsive pleading or a Rule 12 motion has been filed, plaintiff does not need leave of court to file his amended complaint. Accordingly, that amended complaint, Dckt. No. 22 at 2, is deemed the operative complaint in this action.

Nonetheless, because plaintiff is proceeding in this action *in forma pauperis*, the court must determine whether the amended complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e)(2). Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In his first amended complaint, plaintiff once again alleges a claim against Jo Ellen Felice based on a failure by that defendant to issue plaintiff a Social Security card after he legally changed his name. Dckt. No. 22 at 3-4. Plaintiff requests that the Social Security Administration issue him a new Social Security card with his single name "Infinity" centered on the card. *Id*. at 4. For the reasons stated in the original screening order in this action, Dckt. No. 7, for purposes of § 1915A screening, the court finds that the amended complaint states a

cognizable claim against defendant Felice pursuant to 28 U.S.C. §§ 1361 and/or 2201. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."); 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. "); *see also Infinity v. Social Sec. Admin.*, 2010 WL 2889110 (D. Md. July 21, 2010).

However, plaintiff also alleges the following claims: (1) a claim against defendant Michael J. Astrue, Commissioner of Social Security, seeking payment of disability benefits under the Social Security Act, Dckt. No. 22 at 5; (2) a claim against Mathew Cate, Secretary of California Department of Corrections and Rehabilitation, regarding Cate's use of "unknown" as plaintiff's first name, *id.* at 6; (3) a claim against the State of California, Department of Justice, Bureau of Criminal Identification and Information, regarding their disrespect of plaintiff's name, *id.* at 6-7; and (4) a claim against the State of Louisiana requesting that the State of Louisiana issue plaintiff a new birth certificate with his proper name on it, *id.* at 7-8.

Federal Rule of Civil Procedure 20 provides that a party may join numerous defendants in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact in common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A), (B); *see also Aul v. Allstate Life Ins. Co.*, 993 F.2d 881, 884 (9th Cir. 1993) ("A claim based on different rights and established by different transactional facts will be a different cause of action."); *Tia v. Paderes*, 2012 WL 487992, at *3 (D. Haw. Feb. 14, 2012) ("Unrelated claims involving different defendants belong in different suits."). Additionally, Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Here, none of the claims against

3

the additional defendants named in plaintiff's amended complaint arise out of the same transaction, occurrence, or series of transactions or occurrences as plaintiff's original claim against defendant Felice pursuant to 28 U.S.C. §§ 1361 and/or 2201, which is based on an alleged failure by Felice to issue plaintiff a Social Security card after he legally changed his name. Therefore, plaintiff's claims against all defendants except defendant Felice will be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint, Dckt. No. 22, is deemed the operative complaint in this action.

2. All claims in plaintiff's amended complaint except plaintiff's claim against Jo Ellen Felice are dismissed without leave to amend herein, but without prejudice to be re-asserted in a separate action.

3. Although the U.S. Marshal would ordinarily be directed to serve the amended complaint and this order on defendant Felice, in light of attorney Bobbie J. Montoya's notice of appearance on behalf of Felice, Dckt. No. 15, electronic service of the amended complaint and this order are deemed effective.

4. Defendant Felice shall file a response to plaintiff's first amended complaint within the time prescribed in the Federal Rules of Civil Procedure.

5. The status (pretrial scheduling) conference currently set for August 22, 2012 is continued to October 17, 2012 at 10:00 a.m. in Courtroom No. 24.

6. On or before October 3, 2012, the parties shall file status reports, as provided in the court's April 11, 2012 order.

SO ORDERED.

DATED: May 30, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE