1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   INFINITY,

11              Plaintiff,                       No. 2:11-cv-2804-EFB

12        vs.

13   JO ELLEN FELICE, ASSOCIATE
     COMMISSIONER FOR INCOME
14   SECURITY PROGRAMS, SOCIAL
     SECURITY ADMINISTRATION,
15
                Defendant.                       ORDER
16   _____/

17        This action is before the undersigned pursuant to the consent of the parties. *See* 28

18   U.S.C. § 636(c); E.D. Cal. L.R. 305.  On June 13, 2012, defendant filed a motion to dismiss

19   plaintiff's complaint and/or for summary judgment. Dckt. No. 28.  Then, on July 5, 2012,

20   plaintiff filed a request for a sixty day extension of time to respond to the motion.  Dckt. No. 29.

21   Plaintiff, who is currently incarcerated and is proceeding pro se, contends that he needs

22   additional time to conduct legal research and respond to the arguments made in the motion. *Id*.

23        Plaintiff's request for an extension of time will be granted.  Additionally, the court

24   informs plaintiff of the following with respect to opposing a motion for summary judgment

25   under Federal Rule of Civil Procedure 56:  Such a motion is a request that the court grant

26   judgment in defendants' favor without trial.  A motion for summary judgment will set forth the

1

facts that defendants assert are not reasonably subject to dispute and that entitle them to judgment under applicable law.  To oppose a motion for summary judgment, plaintiff must show proof of his claims.  To do this, he may rely upon statements made in the complaint under penalty of perjury if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies the parts of the complaint upon which he relies.  Plaintiff also may file one or more affidavits or declarations setting forth the facts that plaintiff believes prove his claims, as long as the person who signs it has personal knowledge of the facts stated.  Plaintiff may rely on written records, but he must prove they are what he asserts them to be.  Plaintiff may rely on all or any part of responses to discovery propounded in this case, i.e, answers to interrogatories, admissions and deposition transcripts.  If plaintiff fails to contradict defendants' evidence with counter-affidavits or other admissible evidence, the court may accept defendants' evidence as true and grant the motion.  If there is good reason why such facts are not available to plaintiff when he is required to oppose a motion for summary judgment, the court will consider a request to postpone considering the motion.  If plaintiff does not file a written opposition to the motion or a request to postpone consideration of it, the court may consider the failure to act as a waiver of opposition to the defendants' motion.  If the court grants defendants' motion, whether opposed or unopposed, judgment will be entered for defendants without a trial and the case will be closed.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for an extension of time, Dckt. No. 29, is granted.

2.  Plaintiff shall file an opposition to the motion to dismiss and/or for summary judgment, or a statement of non-opposition thereto, no later than September 10, 2012.

////
////
////
////

3.  Also on or before September 10, 2012, plaintiff shall file a response to defendant's statement of undisputed facts, as required by Local Rule 260(b).[1]

4.  Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the motion, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules.[2]  *See* Fed. R. Civ. P. 41(b).

5.  Defendant may file a reply to plaintiff's opposition on or before September 24, 2012.

SO ORDERED.

DATED: July 10, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 260(b) provides that "[a]ny party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial."  Local Rule 260(b) further provides that "[t]he opposing party may also file a concise 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication," and that "[t]he opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers."

[2] Local Rule 230(*l*) provides that "[f]ailure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."   Additionally, Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor).