IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINITY,<br><br>            Plaintiff,<br><br>      vs.<br><br>JO ELLEN FELICE, ASSOCIATE COMMISSIONER FOR INCOME SECURITY PROGRAMS, SOCIAL SECURITY ADMINISTRATION,<br><br>            Defendant.<br>_____/ | No. 2:11-cv-2804-EFB<br><br><br><br><br><br>ORDER |

This action is before the undersigned pursuant to the consent of the parties. *See* 28 U.S.C. § 636(c); E.D. Cal. L.R. 305. Defendant moves to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule) 12(b)(1) for lack of jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim.[1] Dckt. No. 28. Plaintiff opposes the motion. Dckt. Nos. 31, 35. For the reasons stated herein, the court grants defendant's motion and dismisses the complaint without leave to amend.

////

////

---

[1] In the alternative, defendant moves for summary judgment pursuant to Rule 56. However, because the court finds that the complaint should be dismissed, that motion need not be addressed.

1

## I. BACKGROUND

Plaintiff's first amended complaint challenges the alleged failure by defendant to issue him a Social Security card after he legally changed his name in 1977. First Am. Compl., Dckt. No. 22, at 3-4; *see also* Dckt. No. 27 at 4 (order limiting plaintiff's first amended complaint to that claim). Plaintiff seeks a declaration of his rights and the duty owed to him by defendant pursuant to 28 U.S.C. §§ 1361 and/or 2201. *Id.*; *see also* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."); 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. "); *Infinity v. Social Sec. Admin.*, 2010 WL 2889110 (D. Md. July 21, 2010).

## II. MOTION TO DISMISS

Defendant moves to dismiss plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction, arguing that plaintiff lacks standing since he has not applied for a replacement Social Security card in accordance with the Social Security procedures. Dckt. No. 28-1 at 14-16. Defendant also moves to dismiss under Rule 12(b)(6), arguing that plaintiff's claim is barred by res judicata. *Id.* at 16-19.

### A. Legal Standards Under Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994) (internal citations omitted). Rule 12(b)(1) allows a party to seek dismissal of an action where federal subject matter jurisdiction is lacking. "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

A party may seek dismissal for lack of jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). In a factual challenge, the court may consider evidence demonstrating or refuting the existence of jurisdiction. *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). "In such circumstances, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

B. <u>Legal Standards Under Rule 12(b)(6)</u>

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-36 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

3

in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256, (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

C. Pro Se Standards

The court is mindful of plaintiff's pro se status. Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). However, although the court must construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985), that liberal interpretation may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

D. Discussion

1. Lack of Standing/Jurisdiction

Defendant contends that plaintiff lacks standing, and this court lacks jurisdiction, because plaintiff has not applied for a replacement Social Security card in accordance with Social Security procedures and therefore has not suffered any injury in fact. Dckt. No. 28-1 at 7.

If a plaintiff has no standing, the court has no subject matter jurisdiction. *Nat'l Wildlife Fed'n v. Adams*, 629 F.2d 587, 593 n.11 (9th Cir. 1980) ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction.").

4

There are three requirements that must be met for a plaintiff to have standing: (1) the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is both concrete and particularized and actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Wash. Legal Found. v. Legal Found. of Wash.*, 271 F.3d 835, 847 (9th Cir. 2001) (en banc).

According to defendant, although "Social Security regulations and program operations require that individuals requesting a replacement card to formally apply for one by submitting a completed SS-5 form and the requisite proof of identity documentation to the [Social Security Administration ("SSA")]," plaintiff does not allege that he has applied for a replacement Social Security card. *Id.* at 15 (citing Crowell Decl. ¶ 9; 20 C.F.R. § 422.103; SSA's Program Operations Manual System (POMS) § RM 10205.001 at ¶ A). Defendant contends that the SSA "has not denied [plaintiff] a replacement card because he has not submitted an application that could be subject to denial since he was issued a replacement card on May 24, 1977." *Id.* at 15 (citing Crowell Decl. ¶ 10). According to defendant, because "plaintiff's injury is contingent upon (1) his submission of an SS-5 form to SSA in application for a replacement card, and (2) SSA's denial of his application," and it is possible that neither of those events will occur, plaintiff's claim is not ripe for adjudication. *Id.* at 16. Defendant contends that although the SSA twice directed plaintiff to contact the SSA field office in Blythe, California, and provided him with the address and phone number, as well as an SS-5 form, plaintiff has not submitted an application to SSA. *Id.* (citing Def.'s Ex. D at ¶ 2, Ex. E at ¶ 3, Crowell Decl. ¶ 10).

////

////

////

////

In response, plaintiff does *not* argue that he has submitted an application since 1977[2]; rather, he contends that he did not receive the Social Security card that defendant allegedly sent to him in 1977.[3] Dckt. No. 31 at 2-4; First Am. Compl. at 3. Therefore, although plaintiff might lack standing to challenge defendant's failure to send plaintiff a replacement card since 1977 when he last requested one, that argument misses the point of what appears to be plaintiff's actual claim: that defendant failed to actually send that replacement card in 1977. *Id.* Defendant does not dispute that plaintiff requested a replacement card in 1977; defendant contends only that plaintiff has not requested one "since he was issued a replacement card on May 24, 1977." Dckt. No. 28-1 at 15 (citing Crowell Decl. ¶ 10). Although defendant contends that plaintiff was issued a replacement card on May 24, 1977, and that agency procedure would have been to mail the card to plaintiff and "[t]here is nothing in [defendant's] records to reflect that that procedure was not followed with plaintiff in 1977," Crowell Decl. ¶¶ 6-7, plaintiff specifically contends under penalty of perjury that he was never issued and never received a replacement card. Dckt. No. 31 at 2, 4; *see also* Dckt. No. 35 at 2 (stating that his request for a replacement card in 1977 "was ignored"). Since plaintiff is still without the card that he has attempted to obtain since 1977, and he alleges that all of his efforts to communicate with SSA to obtain a card have been frustrated, the court cannot say that plaintiff lacks an injury in fact and therefore lacks standing

////

---

[2] Plaintiff does contend that he did not receive a reply from the field office in Blythe, California that defendant instructed plaintiff to contact, but he does not say what he sent to that office and/or what he requested from that office, even though he was provided with instructions from SSA regarding how to obtain a replacement Social Security card and was even provided with an SS-5 application in May 2010. Dckt. No. 31 at 4; *see also* Dckt. No. 36 at 6, n.3; Dckt. No. 22 at 20. Plaintiff does not state specifically what he did with the form, but he asserts that the field office never got back to him. Dckt. No. 36 at 6, n.3. He also states that "all [his] attempts to contact the SSA has been an act in futility" and that "SSA will not respond to [him]." *Id.*

[3] Although plaintiff also contends that the card would be wrong anyway since the name on allegedly contained on it – "Unknown, Infinity" – was incorrect and defendant therefore had an obligation to send him a corrected card, Dckt. No. 31 at 4-5, plaintiff does contend that he did not receive the 1977 replacement card.

6

regarding an alleged failure by defendant to provide plaintiff with a replacement Social Security card in 1977.[4]

### 2. Res Judicata

Nonetheless, defendant also moves to dismiss under Rule 12(b)(6), arguing that plaintiff's claim is barred by res judicata based on an actions plaintiff previously filed in the District of Maryland. *Id*. at 16-19. Specifically, defendant contends that on November 20, 2009, plaintiff filed in the United States District Court for the District of Maryland a petition for writ of mandamus and request for legal change of his name to be recognized by defendant. Def.'s Req. for Jud. Notice, Ex. F (Petition for Writ of Mandamus in *Infinity v. Soc. Security Admin.*, No. 1:09-cv-3130-RDB (D. Md.)). Therein, plaintiff "complain[ed] that the [SSA] had not been responsive to his requests to recognize the name change and issue a replacement Social Security card with 'only a one word/single name "Infinity" on it.'" Def.'s Req. for Judicial Notice, Ex. G, Dckt. No. 28-4 at 2 (Memorandum Opinion, *Infinity v. Social Security Admin*., Case No. 1:09-cv-03130-RDB (D. Md. July 21, 2010)). Plaintiff's petition was dismissed after the court found that there was "no dispute that Respondent has provided Petitioner substantial relief by changing the name of his SSA records to 'Infinity' and issuing a SSA card to him with his Social Security Number and the name Infinity."[5] *Id*. at 5. The court further found that plaintiff "had

---

[4] Defendant requests that the court take judicial notice of the court records in an action that plaintiff previously filed in the District of Maryland, *Infinity v. Soc. Security Admin.*, No. 1:09-cv-3130-RDB (D. Md.). Those records include an order from the district judge therein stating that there was no dispute that defendant issued a replacement Social Security card to plaintiff in 1977 with the name "Infinity." Dckt. No. 28-1 at 9, n.4; Def.'s Req. for Judicial Notice, Ex. G, Dckt. No. 28-4 at 5. The court takes judicial notice of that document, as well as the other court records submitted by defendant. *See MGIC Indem. Co. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). However, because the court ultimately finds that plaintiff's claim is barred by res judicata, the court need not address the effect of the statement in order entered in the District of Maryland on plaintiff's purported standing herein. Nor does the court need to address whether plaintiff's claim that defendant did not send plaintiff a replacement card in 1977 would be barred by any applicable statute of limitations.

[5] Plaintiff appealed the dismissal to the U.S. Court of Appeals for the Fourth Circuit, which dismissed plaintiff's appeal for failure to prosecute. Def.'s Req. for Judicial Notice, Ex. H (Order

1  failed to show he has the clear and undisputable right under the First Amendment or any other
2  constitutional or statutory provisions to have a card issued 'with a name complete in its
3  singularity' without following the SSA requirements . . . ." *Id.*

4  Plaintiff also filed three other cases in the District of Maryland relating to defendant's
5  response to his name change request, all of which were dismissed for failure "to set out a
6  colorable civil rights claim": *Infinity v. Social Security Admin's Computer System*, Case No.
7  1:10-cv-966-RDB (D. Md.); *Infinity v. Sheryl Ziporkin, Assoc. Commissioner*, Case No.
8  1:10-cv-1565-RDB (D. Md.); and *Infinity v. Social Security Admin's Computer System*, Case No.
9  1:10-cv-1566-RDB (D. Md.). Def.'s Req. for Judicial Notice, Ex. I, Dckt. No. 28-4 at 9-11
10 (Order filed July 22, 2010). In dismissing all three cases, the court stated that plaintiff's petition
11 for mandamus relief "was denied due to Plaintiff's failure to show the violation of a
12 constitutional right to have a sole, one-word name on his Social Security card and the
13 undersigned independently finds no constitutional or statutory violation associated with the
14 SSA's processing of Plaintiff's request."[6] *Id.*

15 Plaintiff does not respond to defendant's claim that this action is barred by res judicata.
16 *See generally* Dckt. Nos. 31, 35.

17 Under res judicata, "a final judgment on the merits bars further claims by parties or their
18 privies based on the same cause of action." *Brown v. Felsen*, 442 U.S. 127, 131 (1979)
19 (superseded by statute on other grounds) (quoting *Montana v. United States*, 440 U.S. 147, 153
20 (1979)). Res judicata prevents litigation of all grounds for, or defenses to, recovery that were
21 previously available to the parties, regardless of whether they were asserted or determined in the
22 prior proceeding. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378 (1940);

23 _____

24 filed in *Infinity v. Social Security Admin.*, Case No. 10-7151 (4th Cir. Nov. 18, 2010)).

25 [6] Plaintiff again appealed the dismissal to the Fourth Circuit Court of Appeals, which
   dismissed plaintiff's appeal for failure to prosecute. Def.'s Req. for Judicial Notice, Ex. J (Order
26 filed in *Infinity v. Ziporkin, et al.*, Case No. 10-7149 (4th Cir. Jan. 11, 2011)).

1B James W. Moore, et al., *Moore's Federal Practice* ¶ 0.405[1] (2d ed. 1974). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n. 3 (9th Cir. 2002)).

### a. Identity of Claims

"Identity of claims exists when two suits arise from 'the same transactional nucleus of facts.'" *Id.* at 1078 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). "The fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated." *Id.* at 1077-78. "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought. *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987).

Here, although plaintiff's claims in the four other District of Maryland actions were focused more specifically on defendant's alleged failure to provide him with a replacement card with "only a one word/single name 'Infinity' on it," plaintiff's present claim that he did not receive the replacement card that he requested in 1977 arises out of the same "transactional nucleus of facts" as plaintiff's previous claims, *Tahoe–Sierra Pres. Council, Inc.*, 322 F.3d at 1077, and could have been brought in any of those previous actions, *C.D. Anderson*, 832 F.2d at 1100. In fact, in the initial action, *Infinity v. Soc. Security Admin.*, No. 1:09-cv-3130-RDB (D. Md.), the district judge specifically found that there was no dispute that defendant issued a replacement Social Security card to plaintiff in 1977 with the name "Infinity." Def.'s Req. for Judicial Notice, Ex. G, Dckt. No. 28-4 at 5. Moreover, the ancillary claim plaintiff mentions in

9

his opposition herein – that even if defendant had sent him a replacement card in 1977, the card would have been wrong anyway since the name on allegedly contained on it ("Unknown, Infinity") was incorrect and defendant therefore had an obligation to send him a corrected card – is identical to the claims raised in plaintiff's District of Maryland action. Therefore, plaintiff's prior and current claims satisfy the identity of claims requirement.

### b. Final Judgment on the Merits

Res judicata also requires a final judgment on the merits. "The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart*, 297 F.3d at 956. Although the orders dismissing plaintiff's prior actions in the District of Maryland do not expressly state whether the dismissals were with or without prejudice, each constituted a final judgments on the merits. Rule 41(b) specifies that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) *and any dismissal not under this rule* – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits." *See* Fed. R. Civ. P. 41(b) (emphasis added); *see also In re Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997) ("[I]nvoluntary dismissal generally acts as a judgment on the merits for the purposes of res judicata, regardless of whether the dismissal results from procedural error or from the court's considered examination of the plaintiff's substantive claims.").

### c. Privity of Parties

There is also privity between parties here. In the present action and each of plaintiff's District of Maryland actions, he sued the SSA or an employee or entity thereof. Thus, the identity/privity of parties requirement is satisfied. *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government.").

////

Therefore, plaintiff's current action is barred by the doctrine of res judicata. As amendment would be futile, plaintiff's complaint must be dismissed without leave to amend. *Dumas v. Kipp*, 90 F.3d 386, 389 (9th Cir. 1996) (holding dismissal without leave to amend is appropriate where further amendment would be futile).

IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss, Dckt. No. 28, is granted and plaintiff's complaint is dismissed without leave to amend;

2. The Clerk of Court is directed to close this case.[7]

DATED: March 27, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[7] Defendant's motion to dismiss must be granted for the reasons set forth herein. Nonetheless, it is unclear to the court why the matter could not have been resolved by the parties, particularly given that the only relief sought is a replacement Social Security card. It appears that much of this dispute could have been resolved had the parties effectively communicated in this action. Defense counsel initially indicated that counsel wanted "to try to resolve plaintiff's dispute" before responding to the first amended complaint. Dckt. No. 23 at 2; Dckt. No. 29. However, the agency then responded to the lawsuit with a 19 page brief and 113 pages of exhibits, arguing that plaintiff had not properly requested a replacement card. Plaintiff responded that he has tried to communicate with SSA but SSA will not communicate with him. Dckt. No. 31 at 4; *see also* Dckt. No. 36 at 6, n.3. He then specifically asks defense counsel to get another SS-5 application from SSA and send it to him. Dckt. No. 36 at 6, n.3. He states that he would then complete it and send it back to counsel with a request that counsel forward it to SSA for processing and issuance of the card. Finally, he adds that if that were done "this case will be closed." *Id.* In light of plaintiff's incarceration, the proposal seems imminently reasonable. Yet the parties persisted with this contested motion and the question of the plaintiff's replacement Social Security card remains unresolved. The court's and the public's resources could be better spent addressing more substantive disputes than the seemingly simple matter of a replacement Social Security card.

Attached hereto is a copy of form SS-5 and related instructions on how to request a Social Security card, *see* http://www.ssa.gov/ssnumber/ss5.htm. Presumably the parties will simply use those documents to resolve this dispute rather than engage in still further unproductive litigation.

11

# SOCIAL SECURITY ADMINISTRATION
# Application for a Social Security Card

## Applying for a Social Security Card is free!

## USE THIS APPLICATION TO:

- Apply for an original Social Security card
- Apply for a replacement Social Security card
- Change or correct information on your Social Security number record

**IMPORTANT:** You MUST provide a properly completed application and the required evidence before we can process your application. We can only accept original documents or documents certified by the custodian of the original record. Notarized copies or photocopies which have not been certified by the custodian of the record are not acceptable. We will return any documents submitted with your application. For assistance call us at 1-800-772-1213 or visit our website at www.socialsecurity.gov.

## Original Social Security Card

To apply for an original card, you must provide at least two documents to prove age, identity, and U.S. citizenship or current lawful, work-authorized immigration status. If you are not a U.S. citizen and do not have DHS work authorization, you must prove that you have a valid non-work reason for requesting a card. See page 2 for an explanation of acceptable documents.

NOTE: If you are age 12 or older and have never received a Social Security number, you must apply in person.

## Replacement Social Security Card

To apply for a replacement card, you must provide one document to prove your identity. If you were born outside the U.S., you must also provide documents to prove your U.S. citizenship or current, lawful, work-authorized status. See page 2 for an explanation of acceptable documents.

## Changing Information on Your Social Security Record

To change the information on your Social Security number record (i.e., a name or citizenship change, or corrected date of birth) you must provide documents to prove your identity, support the requested change, and establish the reason for the change. For example, you may provide a birth certificate to show your correct date of birth. A document supporting a name change must be recent and identify you by both your old and new names. If the name change event occurred over two years ago or if the name change document does not have enough information to prove your identity, you must also provide documents to prove your identity in your prior name and/or in some cases your new legal name. If you were born outside the U.S. you must provide a document to prove your U.S. citizenship or current lawful, work-authorized status. See page 2 for an explanation of acceptable documents.

## LIMITS ON REPLACEMENT SOCIAL SECURITY CARDS

Public Law 108-458 limits the number of replacement Social Security cards you may receive to 3 per calendar year and 10 in a lifetime. Cards issued to reflect changes to your legal name or changes to a work authorization legend do not count toward these limits. We may also grant exceptions to these limits if you provide evidence from an official source to establish that a Social Security card is required.

## IF YOU HAVE ANY QUESTIONS

If you have any questions about this form or about the evidence documents you must provide, please visit our website at www.socialsecurity.gov for additional information as well as locations of our offices and Social Security Card Centers. You may also call Social Security at 1-800-772-1213. You can also find your nearest office or Card Center in your local phone book.

# EVIDENCE DOCUMENTS

The following lists are examples of the types of documents you must provide with your application and are not all inclusive. Call us at 1-800-772-1213 if you cannot provide these documents.

**IMPORTANT** : If you are completing this application on behalf of someone else, you must provide evidence that shows your authority to sign the application as well as documents to prove your identity and the identity of the person for whom you are filing the application. We can only accept original documents or documents certified by the custodian of the original record. Notarized copies or photocopies which have not been certified by the custodian of the record are not acceptable.

## Evidence of Age

In general, you must provide your birth certificate. In some situations, we may accept another document that shows your age. Some of the other documents we may accept are:

- U.S. hospital record of your birth (created at the time of birth)
- Religious record established before age five showing your age or date of birth
- Passport
- Final Adoption Decree (the adoption decree must show that the birth information was taken from the original birth certificate)

## Evidence of Identity

You must provide current, unexpired evidence of identity in your legal name. Your legal name will be shown on the Social Security card. Generally, we prefer to see documents issued in the U.S. Documents you submit to establish identity must show your legal name AND provide biographical information (your date of birth, age, or parents' names) **and/or** physical information (photograph, or physical description - height, eye and hair color, etc.). If you send a photo identity document but do not appear in person, the document must show your biographical information (e.g., your date of birth, age, or parents' names). Generally, documents without an expiration date should have been issued within the past two years for adults and within the past four years for children.

As proof of your identity, you must provide a:

- U.S. driver's license; or
- U.S. State-issued non-driver identity card; or
- U.S. passport

If you do not have one of the documents above or cannot get a replacement within 10 work days, we may accept other documents that show your legal name and biographical information, such as a U.S. military identity card, Certificate of Naturalization, employee identity card, certified copy of medical record (clinic, doctor or hospital), health insurance card, Medicaid card, or school identity card/record. For young children, we may accept medical records (clinic, doctor, or hospital) maintained by the medical provider. We may also accept a final adoption decree, or a school identity card, or other school record maintained by the school.

If you are not a U.S. citizen, we must see your current U.S. immigration document(s) and your foreign passport with biographical information or photograph.

WE CANNOT ACCEPT A BIRTH CERTIFICATE, HOSPITAL SOUVENIR BIRTH CERTIFICATE, SOCIAL SECURITY CARD STUB OR A SOCIAL SECURITY RECORD as evidence of identity.

## Evidence of U.S. Citizenship

In general, you must provide your U.S. birth certificate or U.S. Passport. Other documents you may provide are a Consular Report of Birth, Certificate of Citizenship, or Certificate of Naturalization.

## Evidence of Immigration Status

You must provide a current unexpired document issued to you by the Department of Homeland Security (DHS) showing your immigration status, such as Form I-551, I-94, or I-766. If you are an international student or exchange visitor, you may need to provide additional documents, such as Form I-20, DS-2019, or a letter authorizing employment from your school and employer (F-1) or sponsor (J-1). We CANNOT accept a receipt showing you applied for the document. If you are not authorized to work in the U.S., we can issue you a Social Security card only if you need the number for a valid non-work reason. Your card will be marked to show you cannot work and if you do work, we will notify DHS. See page 3, item 5 for more information.

# HOW TO COMPLETE THIS APPLICATION

**Complete and sign this application LEGIBLY using ONLY black or blue ink on the attached or downloaded form using only 8 ½" x 11" (or A4 8.25" x 11.7") paper.**

**GENERAL:** Items on the form are self-explanatory or are discussed below. The numbers match the numbered items on the form. If you are completing this form for someone else, please complete the items as they apply to that person.

4. Show the month, day, and full (4 digit) year of birth; for example, "1998" for year of birth.

5. If you check "Legal Alien Not Allowed to Work" or "Other," you must provide a document from a U.S. Federal, State, or local government agency that explains why you need a Social Security number and that you meet all the requirements for the government benefit. NOTE: Most agencies do not require that you have a Social Security number. Contact us to see if your reason qualifies for a Social Security number.

6., 7. Providing race and ethnicity information is voluntary and is requested for informational and statistical purposes only. Your choice whether to answer or not does not affect decisions we make on your application. If you do provide this information, we will treat it very carefully.

9.B., 10.B. If you are applying for an original Social Security card for a child under age 18, you MUST show the parents' Social Security numbers unless the parent was never assigned a Social Security number. If the number is not known and you cannot obtain it, check the "unknown" box.

13. If the date of birth you show in item 4 is different from the date of birth currently shown on your Social Security record, show the date of birth currently shown on your record in item 13 and provide evidence to support the date of birth shown in item 4.

16. Show an address where you can receive your card 7 to 14 days from now.

17. WHO CAN SIGN THE APPLICATION? If you are age 18 or older and are physically and mentally capable of reading and completing the application, you must sign in item 17. If you are under age 18, you may either sign yourself, or a parent or legal guardian may sign for you. If you are over age 18 and cannot sign on your own behalf, a legal guardian, parent, or close relative may generally sign for you. If you cannot sign your name, you should sign with an "X" mark and have two people sign as witnesses in the space beside the mark. Please do not alter your signature by including additional information on the signature line as this may invalidate your application. Call us if you have questions about who may sign your application.

## HOW TO SUBMIT THIS APPLICATION

In most cases, you can take or mail this signed application with your documents to any Social Security office. Any documents you mail to us will be returned to you. Go to https://secure.ssa.gov/apps6z/FOLO/fo001.jsp to find the Social Security office or Social Security Card Center that serves your area.

## PROTECT YOUR SOCIAL SECURITY NUMBER AND CARD

Protect your SSN card and number from loss and identity theft. DO NOT carry your SSN card with you. Keep it in a secure location and only take it with you when you must show the card; e.g., to obtain a new job, open a new bank account, or to obtain benefits from certain U.S. agencies. Use caution in giving out your Social Security number to others, particularly during phone, mail, email and Internet requests you did not initiate.

## PRIVACY ACT STATEMENT
### Collection and Use of Personal Information

Sections 205(c) and 702 of the Social Security Act, as amended, authorize us to collect this information. The information you provide will be used to assign you a Social Security number and issue a Social Security card.

The information you furnish on this form is voluntary. However, failure to provide the requested information may prevent us from issuing you a Social Security number and card.

We rarely use the information you supply for any purpose other than for issuing a Social Security number and card. However, we may use it for the administration and integrity of Social Security programs. We may also disclose information to another person or to another agency in accordance with approved routine uses, which include but are not limited to the following:

1. To enable a third party or an agency to assist Social Security in establishing rights to Social Security benefits and/or coverage;

2. To comply with Federal laws requiring the release of information from Social Security records (e.g., to the Government Accountability Office and Department of Veterans' Affairs);

3. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level; and

4. To facilitate statistical research, audit or investigative activities necessary to assure the integrity of Social Security programs.

We may also use the information you provide in computer matching programs. Matching programs compare our records with records kept by other Federal, State, or local government agencies. Information from these matching programs can be used to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of payments or delinquent debts under these programs.

Complete lists of routine uses for this information are available in System of Records Notice 60-0058 (Master Files of Social Security Number (SSN) Holders and SSN Applications). The Notice, additional information regarding this form, and information regarding our systems and programs, are available on-line at www.socialsecurity.gov or at any local Social Security office.

This information collection meets the requirements of 44 U.S.C. §3507, as amended by Section 2 of the Paperwork Reduction Act of 1995 . You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 8.5 to 9.5 minutes to read the instructions, gather the facts, and answer the questions. You may send comments on our time estimate to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. **Send only comments relating to our time estimate to this address, not the completed form.**

# SOCIAL SECURITY ADMINISTRATION
## Application for a Social Security Card

Form Approved
OMB No. 0960-0066

| | | | |
|---|---|---|---|
| **1** | NAME TO BE SHOWN ON CARD | First / Full Middle Name / Last | |
| | FULL NAME AT BIRTH IF OTHER THAN ABOVE | First / Full Middle Name / Last | |
| | OTHER NAMES USED | | |

**2** Social Security number previously assigned to the person listed in item 1: ☐☐☐-☐☐-☐☐☐☐

**3** PLACE OF BIRTH _____ (Do Not Abbreviate) City / State or Foreign Country — Office Use Only FCI

**4** DATE OF BIRTH _____ MM/DD/YYYY

**5** CITIZENSHIP (Check One):
☐ U.S. Citizen  ☐ Legal Alien Allowed To Work  ☐ Legal Alien Not Allowed To Work (See Instructions On Page 3)  ☐ Other (See Instructions On Page 3)

**6** ETHNICITY — Are You Hispanic or Latino? (Your Response is Voluntary)  ☐ Yes  ☐ No

**7** RACE — Select One or More (Your Response is Voluntary):
☐ Native Hawaiian  ☐ American Indian  ☐ Other Pacific Islander
☐ Alaska Native  ☐ Black/African American  ☐ White
☐ Asian

**8** SEX:  ☐ Male  ☐ Female

**9** A. PARENT/MOTHER'S NAME AT HER BIRTH — First / Full Middle Name / Last
B. PARENT/MOTHER'S SOCIAL SECURITY NUMBER (See instructions for 9 B on Page 3): ☐☐☐-☐☐-☐☐☐☐  ☐ Unknown

**10** A. PARENT/FATHER'S NAME — First / Full Middle Name / Last
B. PARENT/FATHER'S SOCIAL SECURITY NUMBER (See instructions for 10B on Page 3): ☐☐☐-☐☐-☐☐☐☐  ☐ Unknown

**11** Has the person listed in item 1 or anyone acting on his/her behalf ever filed for or received a Social Security number card before?
☐ Yes (If "yes" answer questions 12-13)  ☐ No  ☐ Don't Know (If "don't know," skip to question 14.)

**12** Name shown on the most recent Social Security card issued for the person listed in item 1 — First / Full Middle Name / Last

**13** Enter any different date of birth if used on an earlier application for a card _____ MM/DD/YYYY

**14** TODAY'S DATE _____ MM/DD/YYYY

**15** DAYTIME PHONE NUMBER — Area Code _____ Number _____

**16** MAILING ADDRESS (Do Not Abbreviate) — Street Address, Apt. No., PO Box, Rural Route No. / City / State/Foreign Country / ZIP Code

**17** I declare under penalty of perjury that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best to my knowledge.
YOUR SIGNATURE

**18** YOUR RELATIONSHIP TO THE PERSON IN ITEM 1 IS:
☐ Self  ☐ Natural Or Adoptive Parent  ☐ Legal Guardian  ☐ Other Specify _____

---

DO NOT WRITE BELOW THIS LINE (FOR SSA USE ONLY)

| NPN | DOC | NTI | CAN | ITV |
|---|---|---|---|---|
| PBC | EVI | EVA | EVC | PRA | NWR | DNR | UNIT |

EVIDENCE SUBMITTED

SIGNATURE AND TITLE OF EMPLOYEE(S) REVIEWING EVIDENCE AND/OR CONDUCTING INTERVIEW

_____ DATE

DCL _____ DATE

Form **SS-5** (08-2011) ef (08-2011)   Destroy Prior Editions   Page 5